**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20537

SUE LYNN ALFORD HODGES, Individually and as Independent Executrix of the Estate of Claude B. Alford Jr., Deceased and Mary Lynn Alford, Deceased and Mike Brantley Alford, Deceased; and Lottie P. Cook,

Plaintiffs-Appellants,

VERSUS

WAL-MART STORES, INC.

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-3966)

June 9, 1998

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges

PER CURIAM:[1]

Mike Alford, a 39 year old schizophrenic, bought a gun at an Alvin, Texas Wal-Mart store. Two months later he shot and killed his parents. After confessing to the murders on videotape, he committed suicide in jail. His sister and grandmother, as heirs of the three decedents, brought suit against Wal-Mart for negligence in its fire-arm sale to Alford. They contended that Wal-Mart had

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

knowledge of Alford's mental illness when he first answered "yes" to the ATF 4473 Form question regarding treatment in a mental institution and then changed his answer to "no."

Following a six-day trial, the jury found no liability on Wal-Mart's part. The district court denied the plaintiffs' motion for a new trial, finding that the jury verdict was consistent with the evidence presented at trial. The plaintiffs appeal, asking this court to reverse the jury verdict and order a new trial. They also appeal the district court's refusal to charge the jury on gross negligence and the court's refusal to admit Alford's videotaped confession in its entirety.

District courts are given broad discretion in rulings on the admissibility of evidence. We will reverse only when the court has clearly abused its discretion and a substantial right of a party is affected. Tamez v. City of San Marcos, Texas, 118 F.3d 1085, 1098 (5th Cir. 1997) (internal citations omitted). After a careful review of the record, we adopt the reasoning of the district court. We find no abuse in that court's refusal to admit the entirety of Alford's videotaped confession into evidence.

Absent "a clear showing of an abuse of discretion," we will not reverse the trial court's decision to deny a new trial. Hidden Oaks Ltd. v. The City of Austin, 138 F.3d 1036, 1051 (5th Cir. 1998) (internal citation omitted). To make a clear showing, the plaintiffs here would have to demonstrate "an absolute absence of evidence to support the jury's verdict," indicating that the

trial court had abused its discretion in refusing to find the jury's verdict "contrary to the great weight of the evidence." <u>Id.</u> After a careful review of the record, we find no such showing.

We apply the same standard of review to the refusal to provide a requested jury instruction. <u>Campbell v. Keystone Aerial Surveys, Inc.</u>, 138 F. 3d 996, 1002 (5th Cir. 1998) (internal citations omitted). Based on the evidence presented, the court's refusal to submit an instruction on gross negligence is not an abuse of its discretion.

Finding no error in the district court's rulings, we AFFIRM.